IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

UNITED STATES OF AMERICA,

v.

TRESSICA CURETON.

CASE NO.: 2:15-cr-27

**ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Presently before the Court is the Government's Motion for Revocation of Defendant Tressica Cureton's ("Cureton") Pre-Trial Release, as supplemented. (Doc. 138.) The Court conducted a hearing on this matter on March 7, 2016. For the reasons set forth below and stated on the record at this hearing, the Government's Motion is **GRANTED**, Cureton's pretrial release is **REVOKED**, and Cureton shall remain **DETAINED** until the resolution of the criminal proceedings against her. The undersigned **RECOMMENDS** that the $25,000 surety bond posted in this case be **FORFEITED** but that the entire $25,000 be **SET ASIDE** and the surety's bond be **EXONERATED**.[1]

**BACKGROUND**

In this action, Defendant is charged with conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Doc. 1.) On February 25, 2016, the Court entered an Order setting the conditions of Cureton's pretrial release. (Doc. 131.)

---

[1] The authority of a Magistrate Judge to issue a final order regarding forfeiture of a bond is not settled. See United States v. Balbuena, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009). Accordingly, on the issue of forfeiture, a Report and Recommendation is being issued rather than an Order.

That Order set an Appearance bond in the amount of $25,000 to be secured by a solvent surety. (Id. at p. 1.)  The Court also ordered, in relevant part, that Defendant: be confined to a residence except for limited circumstances; submit to location monitoring and comply with all of the program requirements and instructions; maintain residence at a women's residential treatment facility.  (Id. at p. 2.)  On this same date, Cureton signed an Appearance Bond and agreed to "comply with all conditions set forth in the Order Setting Conditions of Release."  (Doc. 132, p. 1.)  The Bond made it clear that, if Defendant did not fulfill that agreement, the bond and any security would be forfeited and the Court could "order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interests and costs."  (Id.)  Cureton's bond was secured by Richard Cureton, her brother, as a third party surety.  (Id. at p. 2.)  Cureton was placed in the custody of Ms. Teisha Warren, the director of Free Hart Residential Treatment Center (hereinafter "Free Hart") who signed her order setting conditions of release as a third party custodian.  (Doc. 131, p. 2.)

## I.   Alleged Violations of Pretrial Release

In the Government's petition and at the hearing, the United States Probation Office alleged Cureton violated several conditions of her pretrial release.  Specifically, Officer Fonda Dixon alleged that on March 4, 2016, Ms. Cureton left Free Hart at 4:37 a.m. without permission. (Doc. 138.)  Additionally, after returning to the facility, Cureton refused to charge her location monitoring device despite having been previously instructed to do so by Officer Dixon and instructed to do so by Ms. Warren on the night in question.  Each time any employee of Free Hart attempted to charge the monitoring device, Cureton removed the charging adapter. Cureton was also in possession of a nail file and clippers with which she attempted to remove the location monitoring device.  At the hearing, Officer Dixon and Ms. Warren testified and verified

2

these allegations. Additionally, Ms. Warren testified that Cureton was acting strangely and, whatever the source of her behavior was, Free Hart was not capable of addressing those issues. Ms. Cureton was represented by counsel at the hearing and had the opportunity to cross examine the Government's witnesses and offer any evidence and argument on her own behalf.

The Court finds Cureton violated the conditions of release previously imposed by the Court; is addicted to or abuses mood-altering chemicals and is likely to continue such conduct and violate the law if permitted to remain on pretrial release. Additionally, conditions which restrict Cureton's travel, personal contacts, and possession of drugs, alcohol, and/or firearms, require reporting, education, employment, or treatment, or monitor Cureton's movements or conduct; or any combination of these conditions or others currently proposed or available (see 18 U.S.C. § 3142(c)), will not sufficiently ameliorate the risks posed if Cureton is allowed continue pretrial release. Accordingly, Cureton's bond is hereby **REVOKED**.

Cureton is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal, including his co-Defendants in this case. Cureton must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Cureton to the United States Marshal for a court appearance.

## II.     Forfeiture

Having found that a condition of the Appearance Bond has been breached, pursuant to Federal Rule of Criminal Procedure 46(f)(1), the Court "must declare the bail forfeited." Fed. R. Crim. P. 46(f)(1). Forfeiture is triggered not just by a failure to appear but also by violations of

other conditions.  Brown v. United States, 410 F.2d 212, 218 (5th Cir. 1969).[2]  Additionally, forfeiture results in liability not just as to the defendant but also as to any surety on the bond. See United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995) (holding defendant and surety jointly and severally liable for forfeiture); United States v. Balbuena, No. 8:08-CR-271-T-27TGW, 2009 WL 87413, at *1 (M.D. Fla. Jan. 13, 2009).  As described above, Cureton has breached the express conditions of her release, and, therefore, her bond must be forfeited.

However, under Federal Rule of Criminal Procedure 46(f)(2), the Court may set aside a forfeiture in whole or in part if "it appears that justice does not require bail forfeiture."  Fed. R. Crim. P. 46(f)(2).  Rule 46(f)(1) combines with Rule 46(f)(2) and (f)(4) to give district courts "virtually unbridled discretion" in remitting bond forfeiture.  United States v. Gonzalez, 452 F. App'x 844, 845 (11th Cir. 2011).  Factors that courts consider when assessing whether to set aside all or a portion of a forfeiture include: the defendant's willfulness in breaching release conditions; the amount of delay caused by the defendant's default; the surety's participation; the cost, inconvenience, and prejudice suffered as a result of the breach; any mitigating factors offered by the defendant; and whether the surety is a professional as opposed to a family member or friend.  See United States v. Diaz, 811 F.2d 1412, 1415 (11th Cir. 1987); see also United States v. Nguyen, 279 F.3d 1112, 1115–16 (9th Cir. 2002).

Justice requires setting aside all of the forfeiture in this case.  Cureton's willfulness in breaching the conditions of her Bond cannot be overstated.  In addition, while Cureton's breach did not cause delay in the trial of this case, it resulted in cost and inconvenience to the Court and the Government.  Nevertheless, Cureton appeared contrite for her violations at the hearing and it

---

[2]  The Eleventh Circuit Court of Appeals has adopted as binding decisions issued by the former Fifth Circuit Court of Appeals prior to September 30, 1981.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1210 (11th Cir. 1981).

appears her violations could be related to a medical condition including her history of substance abuse.  Further, Richard Cureton does not appear to be responsible for Cureton's violations of her pretrial release conditions, and he certainly did not participate in Cureton's admitted violations.

In light of the foregoing and the evidence received at the hearing, the Court should **SET ASIDE** $25,000 of the $25,000 forfeiture.  The Bond should remain forfeited, and the surety's Bond should be otherwise **EXONERATED**.

Any party seeking to object to this Order and Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Order and Report and Recommendation is entered.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions herein.  See Thomas v. Arn, 474 U.S. 140, 155 (1985).

If the Court receives any timely objections to the Order that Defendant be detained pending trial, a district judge will review such objections and will modify or set aside a part of the Order only if it is contrary to law or clearly erroneous.  Fed. R. Crim. P. 59(a).  If the Court receives any timely objections to the Report and Recommendation regarding forfeiture, a district judge will consider such objections and, upon a de novo of the record, may accept, reject, or modify, in whole or in part, the findings or recommendations herein.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b).  Objections not meeting the timeliness and specificity requirements set out above will not be considered by a district judge.

The Clerk of Court is **DIRECTED** to serve a copy of this Order and Report and Recommendation upon all parties and upon the surety, Richard Cureton.

**SO ORDERED** and **REPORTED AND RECOMMENDED**, this 10th day of March, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA